UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FRANCISCO M. VAZQUEZ, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-406-HAB-SLC |
| ALLEN COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed an amended complaint. ECF 5. He has also filed a petition for a protection order. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Vazquez alleges that, in October 2021, the Allen County Jail tampered with his mail, including his legal materials. ECF 5 at 2. He states that, at times, he has not received his mail, or it has been missing. *Id*. Vazquez asserts this situation occurred soon after he began filing civil complaints in federal court. *Id*.

Vazquez has sued the Allen County Jail and Officer Harrison for the alleged violations. However, he may not proceed against the Allen County Jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). To the extent he has sued Officer Harrison, a lawsuit against an individual initiated under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Here, Vazquez has not described how Harrison was personally involved in depriving him of his legal mail. Therefore, he cannot proceed against the Allen County Jail or Harrison.

Vazquez also appears to be seeking preliminary injunctive relief in the form of a petition for a protection order against Officers Morgan, Davis, Miller, Smith, and Baihl for allegedly threatening and harassing him. ECF 4. However, because Vazquez's amended complaint does not state a claim, he is not entitled to the requested relief. Furthermore, because the five individuals Vazquez seeks to enjoin are not named as defendants, an injunction cannot be granted against them. *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013). Therefore, his petition will be denied.

While Vazquez's amended complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When Vazquez prepares his second amended complaint, he should explain in his own words what happened, when it

2

happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DENIES the petition for protection order (ECF 4);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Francisco M. Vazquez;

(3) GRANTS Francisco M. Vazquez until **March 4, 2022**, to file an amended complaint on that form; and

(4) CAUTIONS Francisco M. Vazquez that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on February 2, 2022.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT